UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SANCEIRA MOTLEY-HILL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
______________________________/

Case No. 1:06:CV:335
(Criminal Case No. 1:04:CR:131)

HON. GORDON J. QUIST

**OPINION**

Before the Court is Sanceira Motley-Hill's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (docket no. 1) asking the Court to reduce her sentence or, in the alternative, allow her to serve the remainder of her sentence in home incarceration. For the following reasons, this motion will be dismissed.

## I. Procedural History

On August 18, 2004, Petitioner pled guilty in this Court to one count of interstate travel in aid of racketeering enterprises in violation of 18 U.S.C. § 1952(a)(3)(A). On November 30, 2004, the Court sentenced Petitioner to 37 months incarceration. Judgment was entered on November 30, 2004, and Petitioner did not appeal her sentence.

On March 14, 2006, Petitioner wrote a letter (criminal docket no. 28) to the Court asking the Court "to reduce [her] imposed sentence from (37) months to the (30) month period of incarceration [the Court] referred to during [her] sentencing hearing on November 30, 2004, at which time [the Court] indicated that if the sentencing guidelines [were] unconstitutional, to the extent they're thrown out entirely, the sentence would be 30 months." In the alternative, the letter requested "that the remainder of [her] period of incarceration be served in the form of home incarceration."

On April 13, 2006, this Court entered an Order (criminal docket no. 29) instructing Petitioner that, on its face, the Court could not construe Petitioner's letter as anything other than a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. The Court stated that, before recharacterizing her letter as a § 2255 motion, it must warn her that any subsequent § 2255 motion would be subject to the restrictions on "second or successive motions." *See Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002); 28 U.S.C. § 2255. This Court also provided Petitioner with thirty days to withdraw her motion or to amend the motion so that it would contain all of the claims that she wished to raise with regard to her criminal conviction in this Court. *See Castro*, 540 U.S. at 383, 124 S. Ct. at 792.

On May 10, 2006, Petitioner wrote another letter to the Court asking the Court to "withdraw my [first] letter and submit this document as an amended Section 2255 motion regarding my plea and sentence" (docket no. 1). This Court will now address Petitioner's amended claims.

**II.    Discussion**

Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

**A. Statute of Limitations Has Expired and There is No Equitable Tolling**

As indicated in the April 13, 2006, Order, Petitioner has filed this § 2255 motion outside the one-year statute of limitations period set forth in 28 U.S.C. § 2255. Judgment was entered on November 30, 2004, but Petitioner did not write her first letter (docket no. 28) until March 14, 2006. In its April 13, 2006, Order, this Court provided Petitioner with notice and an opportunity to be heard on the statute of limitations issue. *See Day v. McDonough*, ___ U.S. ___, 126 S. Ct. 1675, 1684 (2006). In her May 10, 2006, letter Petitioner explains that her § 2255 motion was filed out of time because her attorney did not respond to her inquiries and states that "if counsel had responded to my letters and to my telephone calls a timely Section 2255 motion regarding my sentence would have been filed within the one year statute of limitations period."

The Court of Appeals for the Sixth Circuit has recognized that the statute of limitations in § 2255 actions may be equitably tolled under certain circumstances. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). In determining whether the limitations period should be equitably tolled, a court must apply a five-factor test: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claim.

Here, the Court finds that none of the five factors weighs in favor of equitably tolling the statute of limitations. Petitioner never claims that she was not aware of the one-year statute of limitations, but only that her attorney never responded to her inquiries or told her when to file. The Court of Appeals for the Sixth Circuit has explicitly held that the statute of limitations should not be equitably tolled merely because a Petitioner received erroneous advice from his or her attorney. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004) (stating

that "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling"); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'"); *see also Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Helton v. Department of Corrections*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). Therefore, this Court holds that the statute of limitations is not equitably tolled and that Petitioner's motion is untimely.

**B. *Blakely* and *Booker* Relief Cannot be Applied Retroactively**

Although the motion is untimely, the Court will briefly address the merits of Petitioner's claims. First, she claims that, at her sentencing, the Court indicated that if the sentencing guidelines were found to be unconstitutional, her sentence would be 30 months instead of 37 months. The relevant colloquy follows:

THE COURT: Just bear with me a minute. If the guidelines are unconstitutional, to the extent they're thrown out entirely, the sentence would be thirty months. On the other hand, the *Blakely* case doesn't really apply on its face, at least, because there are no enhancing factors here. You're really with the base offense level, as I see it here.

Is that right, Mr. Salan?

MR. SALAN: That's as I understand it, Your Honor.

THE COURT: Mr. Mitchell, is that correct?

MR. MITCHELL: I think that's correct, Your Honor.

THE COURT: But we don't know what the Supreme Court is going to do. And the reason is, is that it's a typical motive for a crime. And I agree with the government – or, at least Mr. Salan, not the government – that this is a very serious matter. I know no one was hurt in this particular fire; but I've seen enough of

> this, churches, buildings, to know that a fire like this can wreak havoc in a neighborhood and take many lives.

(Sentencing Tr. at 24-25.)

In *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

But *Blakely* and *Booker* do not apply here because, as the Court indicated at sentencing, there were no enhancement factors in this case. Further, even if they did apply, Petitioner's claim would fail because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005). In *Humphress*, the district court had enhanced the Petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the Petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required

to be applied retroactively to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly, Petitioner's claim must fail.

**C. Ineffective Assistance of Counsel Claim**

Next, Petitioner claims that her counsel was ineffective for failing to file an appeal with the Court of Appeals for the Sixth Circuit. She states that "But for the advice given to me by counsel, I would have filed a timely notice of appeal regarding the length of my sentence." (Docket No. 1.) In *Regalado v. U.S.*, 334 F.3d 520, 524-25 (6th Cir. 2003), the Court of Appeals for the Sixth Circuit restated the test for determining whether counsel was ineffective for failing to file an appeal.

> *Roe v. Flores-Ortega*, 528 U.S. 470, 120, S.Ct. 1029, 145 L.Ed.2d 985 (2000), announced that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 674 (1984). *See Roe*, 528 U.S. at 477, 120 S.Ct. 1029. The inquiry requires that a court first ask whether the trial counsel's performance fell below the reasonably accepted professional standard. Put another way, the court must assess whether "counsel's performance was constitutionally deficient such that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir.2001). In assessing the attorney's conduct under *Strickland*'s first prong, the Supreme Court said that "courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential.'" *Roe*, 528 U.S. at 477, 120 S.Ct. 1029 (citations omitted). The second component of the *Strickland* inquiry requires the court to determine whether the "counsel's deficient performance prejudiced the defendant." *Id.* To establish this prejudice, the petitioner must "demonstrat[e] that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Magana*, 263 F.3d at 547 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).
>
> * * * *

> The Court . . . state[d] that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed to do so. *Roe*, 528 U.S. at 477. . . . Nevertheless, the *Roe* Court rejected a per se rule that an attorney must always file an appeal unless specifically told otherwise, and determined that when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal. *Id.* at 478, 120 S.Ct. 1029. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If, on the other hand, the counsel failed to consult with her client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance. *See id.*

*Regalado,* 334 F.3d at 524-25.

The Court finds that Petitioner's counsel was not deficient under the first *Strickland* prong. Petitioner does not claim that she explicitly requested that her counsel file an appeal. If no appeal was specifically requested, the next step under *Regalado* is to determine whether counsel consulted with the Petitioner about a possible appeal. *Regalado*, 334 F.3d at 525. In this situation, it appears Petitioner consulted with her attorney and they decided not to file an appeal together. Petitioner states:

> From the very beginning of this matter my counsel was unsure what effect the *Booker* case would have on the constitutional status of the sentencing guidelines used to determine the length of the sentence rendered by you in my case. I understand that no attorney is a fortune teller and could not have predicted at that time what the constitutional interpretation and implementation by the Courts regarding a Judge's discretion in using the sentencing guidelines would be. However, my counsel did advise me not to file a notice of appeal because no final decision had been made by the 6th Circuit Court of Appeals at the time of my sentence regarding the constitutionality of the length of my sentence according to the sentencing guidelines. As a layperson, I followed that advice."

(Docket No. 1.)


Furthermore, Petitioner's counsel was not deficient for failing to advise Petitioner to file an appeal. Petitioner was sentenced on November 30, 2004, before *Booker* was decided. At the time of her plea, the law in the Sixth Circuit was that *Apprendi* applied only where the factual finding by the district court would increase a defendant's penalty for a crime beyond the prescribed statutory maximum. *Apprendi* did not apply to calculations under the United States Sentencing Guidelines. *See United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001). Petitioner was not sentenced above the statutory maximum. Even after *Blakely*, the United States Court of Appeals for the Sixth Circuit held that *Blakely* did not vitiate the United States Sentencing Guidelines. *See United States v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004) (subsequently overruled by *Booker*). Petitioner's counsel, therefore, did not fail to act as reasonable counsel for not having anticipated the Supreme Court's decision in *Booker*. Competence, not prescience, is what the constitution requires. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 145 (2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature. A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance."); *Green v. United States*, 65 F.3d 546, 551(6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

Because counsel's conduct was not deficient, even if Petitioner's claim for ineffective assistance of counsel were filed timely, it would nevertheless fail.

### D. The Court Has No Authority to Order Home Confinement

If the Court does not reduce her sentence, in the alternative, Petitioner has asked the Court to order that she serve the remainder of her sentence in home confinement. This Court does not have the authority to enter such an order. Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") is vested with full authority to determine the location of an inmate's imprisonment, and the Court cannot interfere with that authority. *See United States v. Lazo-Herrera*, 927 F.Supp. 1472 (D. Kan. 1996).

## III. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because she has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.

Dated: August 10, 2006

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE